LAFLIN (JOHNSON v.). See Case No. 7,393.

LAFONTAINE (UNITED STATES v.). See Case No. 15,550.

L'AFRICAINE (SOULT v.). See Case No. 13,179.

LAGOWITZ (ROEMER v.). See Case No. 11,996.

LAHENS (FIELDEN v.). See Case No. 4,773.

———

## Case No. 7,988.
### LAING v. The G. L. BUCKMAN.
[N. Y. Times.]

District Court, S. D. New York.   May 28, 1864.

COLLISION — DARKNESS IN NEW YORK HARBOR— GROSS NEGLIGENCE—LIMITATION OF ACTIONS.

[1. Other things being equal, the testimony of disinterested witnesses should have greater weight than that of interested witnesses.]

[2. It is gross negligence for a sailing vessel to attempt to run into New York harbor in a heavy

wind, at night; the more so if the night is unusually dark.]

[3. Act N. Y., limiting the time wherein suits may be brought to enforce liens on vessels, does not apply to maritime liens arising upon torts.]

This was a libel filed by the owner of the British bark Water Lily, to recover the damages occasioned to her by being run into by the brigantine on the night of Jan. 21, 1864. The bark had come in over the bar at Sandy Hook in charge of a pilot, and anchored in the channel. The brigantine came in during the night without a pilot, and ran into the bark while lying at anchor. The bark had lights set and burning in her rigging, and an anchor-watch on deck. The evidence for the libelant was that the night was clear and bright moon-light, and that vessels could be seen at anchor three miles off. The evidence for the brigantine was directly contradictory on these points. The master and mate of each vessel were examined. The master of the brigantine was also part owner. The claimant alleged that the collision was caused by fault of the bark. He claimed also to be a bona fide purchaser of the brigantine before her seizure in the cause without notice of the libelant's claim. His alleged purchase was on Jan. 29, and the vessel was seized under the process in the suit on Jan. 30. He first saw the vessel a day or two after he purchased her. He also urged that the libelant could not recover because he had not filed his libel within the time limited by the state law as to liens on vessels.

Beebe, Dean & Donohue, for libelant.
Mr. Nash, for claimant.

Before BETTS, District Judge.

HELD BY THE COURT: That the concurrent testimony of the witnesses on both sides essentially agrees that the wind was blowing a gale from about northwest. That the bark was lying at anchor, tailing with the channel on its eastern or southern side near the edge of the Romer shoal. That the brigantine was coming into the harbor without a pilot, and made no attempt to avoid the bark until so near her as to be unable to cross her bows or stern, or to lower her sails or drop her anchor. That where witnesses stand numerically equal in their assertions of contradictory facts, the law does not regard disinterested evidence prima facie adequate to the support of the prosecution, to have been counterbalanced and nullified by the opposing testimony of a party in interest. That the testimony of the master and mate of the brigantine is therefore entitled to less credit than that of the master and mate of the Water Lily in respect to the state of the atmosphere and time and manner in which the two vessels came into collision. That there is nothing in the proofs showing any culpable or even censurable neglect in the navigation or keeping of the bark preceding or connected with bringing her to anchor or in keeping her so lying at the time of the collision, or that she was anchored across the channel, or that any misconduct at the time induced or promoted the injury inflicted upon her. That the crew of the brigantine were guilty of gross carelessness in running into the harbor in the night time, upon a heavy wind, and without a pilot; and the blamableness of the act would be aggravated if the night really was of the blustering, dark, and snowy character represented by the claimant. That the facts as to the purchase of the vessel by the claimant are insufficient to prove that he acquired title to her clear of the lien attaching to her for the damages of the collision. That the objection as to the limitation of the state act is inapplicable, that act having respect to demands and claims on contract, and not to those resting upon tort, without regard to the incongruity of understanding that legislation to have control of remedies administered in national courts in execution of their own jurisdiction. Decree for libelant, with a reference to ascertain the damages.